[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court, after reviewing the evidence in conjunction with the statutory criteria set forth in Connecticut General Statutes §§ 46b-81, 46b-82 and 46b-62, and evaluating the credibility of the various witnesses, makes the following findings and orders.
A. Factual Findings
1. The parties were married on September 16, 1989. The plaintiff was 69 years old and the defendant was 72. He is now 83; she is 79.
2. The plaintiffs health is precarious, but for the most part, she functions fairly well. A woman comes to her home several days a week to assist her in cooking, cleaning, shopping CT Page 16075 and to provide her with companionship.
The defendant suffered a stroke in April 1997, and still walks with difficulty and is somewhat speech-impaired, although with effort on his part and that of his listener, he can be understood. He is still receiving therapy for his speech and mobility. About four months before the stroke he had a heart attack, which resulted in angioplasty and the placement of a stent. Both parties regularly take medication.
3. Beginning early in the marriage, the parties had little in common, and were more interested in going their separate ways than in cultivating any life in common. For most of the ten years of their marriage, it has been a marriage in name only. One of the reasons the plaintiff moved out of the defendant's home was that she preferred living on her farm in Cornwall to living in Litchfield, which she thought of as `the city'. Another reason was that on occasion the defendant treated her harshly and rudely, sometimes in front of others. Furthermore, the frequent presence in the defendant's home of Jenny Round, a neighbor, employee and friend of the defendant's, who also accompanied the defendant on overnight business trips, was understandably disconcerting to the plaintiff.
Both parties contributed to the breakdown of the marriage.
4. During the marriage the defendant was self-employed as a salesman of mailing lists, but has been unable to work since his stroke in April of 1997. The plaintiff is unable to work.
5. The plaintiff has an income from social security and interest of about $250.00 a week. The defendant's income is approximately $1,000 per week, and it stems from dividends, interest, social security and a small pension.
6. The plaintiff lives on her farm in Cornwall, which she owned prior to the marriage. Its fair market value is about $200,000. A few years before the marriage, the plaintiff conveyed it to her daughter and son-in-law, but they conveyed it back to her after the marriage. The defendant was instrumental in getting the property back in the plaintiffs name, and he borrowed money himself to pay off a mortgage of $27,120 so she would own it free and clear.
7. The defendant's home has an equity of approximately CT Page 16076 $80,000. He has assets in various investment accounts of about $322,000. The defendant is the sole trustee of a fund for the benefit of four of his five living children. The corpus of this fund is about $300,00, and the defendant can invade the principal if needed for his adequate maintenance and support.
8. During the marriage the defendant paid about $35,000 for a new barn for the plaintiffs use on property of her son's, adjacent to the plaintiffs property. This amount includes site work, plumbing and electrical costs. He also paid about $20,000 for a new Jeep for the plaintiff and about $5,000 for a patio outside her home. He also paid for gas and repairs to her car, her real estate taxes and insurance for her house and car, and for hay and repair and replacement of her farm equipment.
He also paid a substantial amount for her dental expenses.
9. Both parties incur weekly expenses for household help; the plaintiff $275.00, the defendant $120.00.
B. Orders
1. The marriage has broken down irretrievably, and a decree dissolving it shall enter.
2. Based on the available net income of the parties, and relevant statutory criteria as enumerated in Section 46b-82 of the Connecticut General Statutes, the plaintiff is awarded periodic alimony in the amount of $175.00 per week for a period of three (3) years, which alimony shall terminate upon the death of either party or the remarriage of the plaintiff.
3. Based on the relevant statutory criteria as enumerated in Sections 46b-62 and 46b-82 of the Connecticut General Statutes, the defendant is ordered to pay $5,000 to the plaintiff toward her attorney's fees.
4. Each party shall be exclusively entitled to the furniture, furnishings and miscellaneous personal property in his and her possession.
5. Based on the relevant statutory criteria as enumerated in Section 46b-81 of the Connecticut General Statutes, any interest the defendant may have in the barn in Cornwall is assigned to the plaintiff. CT Page 16077
6. Each party shall assume and hold the other harmless from the liabilities listed in Section 3 of his or her most recently filed financial affidavits.
Richard A. Walsh, J.